UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRAMILA GARDNER, JEFF GLENNON, KAREN P. HOLLANDER, REBECCA NORDAN, MAGGIE O'BRIEN, TRACIE SNYDER, ANDREA STRONG, and JANE WERMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WHIRLPOOL CORPORATION, <br><br> Defendant. | Case No.: 1:08-cv-03555 <br><br> Judge Virginia M. Kendall |

## JOINT STATUS REPORT

Plaintiffs, Pramila Gardner, Jeff Glennon, Karen P. Hollander, Rebecca Nordan, Maggie O'Brien, Tracie Snyder, Andrea Strong, and Jane Werman ("Plaintiffs") and Defendant, Whirlpool Corporation ("Defendant" or "Whirlpool"), through their respective counsel of record, respectfully submit this Joint Status Report and, in support thereof, state as follows:

    1.    <u>The Lead Attorneys On The Case</u>

Lead attorneys for Plaintiffs are James C. Shah and James E. Miller of Shepherd, Finkleman, Miller & Shah, LLP and Steven A. Schwartz of Chimicles & Tikellis, LLP.

Lead attorneys for Whirlpool are Michael T. Williams and Galen D. Bellamy of Wheeler Trigg Kennedy LLP and Bradley B. Falkoff and Brad E. Rago of Barnes & Thornburg LLP.

    2.    <u>Basis For Federal Jurisdiction</u>

Federal jurisdiction is based on diversity. This is a putative class action in which certain of the putative class members and Defendant are citizens of different states and the amount in controversy, upon information and belief exceeds $5,000,000, exclusive of interest and costs.

    3.    <u>Nature Of The Claims Asserted In The Complaint And Any Counterclaims</u>

Plaintiffs have commenced this putative class action against Defendant alleging statutory and common law violations in connection with Whirlpool's design, manufacture, marketing, advertising, selling, warranting and servicing of certain of its Duet® brand Front-Loading

Automatic Washers (the "Washing Machines" or "Machines"). Plaintiffs allege that the Washing Machines have an inherent defect that causes the accumulation of mold and mildew within the Washing Machines and on articles of clothing washed in the Machine. Plaintiffs have asserted claims under the Magnuson-Moss Act, 15 U.S.C. §2301 *et seq.*, and a number of state consumer protection statutes (Texas, Florida, Maryland, North Carolina, Illinois, Arizona and New York), as well as claims for breach of express and implied warranty and unjust enrichment, on behalf of themselves, a putative nationwide class, and eight putative statewide subclasses.

Whirlpool denies Plaintiffs' claims, denies that the Washing Machines at issue were or are defective in any respect or that Defendant acted in violation of any applicable law, and further denies that this case is suitable for litigation as a class action.

4.  Status Of Service

All parties have been served in this matter.

5.  Principal Legal Issues

From Plaintiffs' perspective, the principal legal issues are (1) whether Whirlpool has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in connection with the advertising, marketing and sale of the Machines; (2) whether Whirlpool violated various state consumer protection statutes; (3) whether Whirlpool breached its express warranty and/or extended warranties; (4) whether Whirlpool breached its implied warranties; (5) whether Whirlpool has been unjustly enriched; (6) whether Plaintiffs and the Class have suffered damages; and (7) the appropriate amount of damages and/or equitable relief.

From Defendant's perspective, the principal legal issues are (1) whether Washing Machine owners whose machines have not manifested the alleged defect can maintain a claim against Whirlpool under any of the causes of action pled in the Complaint; (2) whether a class of Washing Machine owners can be certified when the majority of putative class members have suffered no harm because their Washing Machines have performed as expected; (3) whether Plaintiffs can represent a class of Washing Machine owners when the majority of putative class members never experienced the alleged defect; (4) whether Plaintiffs have adequately pled that the Washing Machines are defective in design; (5) whether Plaintiffs have pled their consumer fraud act claims with particularity; (6) whether Plaintiffs have pled that they timely provided Whirlpool with the requisite notice of breach of warranty; (7) whether Plaintiffs have pled the existence of

any express warranty by Whirlpool or that Whirlpool failed to honor any such warranty; and (8) whether Plaintiffs can maintain their unjust enrichment claims when they have alleged the existence of an express warranty.

      6.     <u>Principal Factual Issues</u>

From Plaintiffs' perspective, the principal factual issues are: (1) whether the Washing Machines are defective; (2) whether Whirlpool knew that the Washing Machines were defective; (3) whether Whirlpool omitted material facts and concealed facts from its communications and disclosures to Plaintiffs and the Class regarding the defects inherent in the Washing Machines; (4) whether Whirlpool made express and implied warranties to Plaintiffs and the Class that are implicated by the alleged defects in the Washing Machines; (5) whether Whirlpool made false and/or misleading statements about the Machines; and (6) whether Whirlpool's false and/or misleading statements of facts and concealment of material facts regarding the Washing Machines were likely to deceive the public.

From Defendant's perspective, the principal factual issues are (1) whether the alleged accumulation of mold-mildew in Plaintiffs' Washing Machines was the result of their failure to use high-efficiency laundry detergent, or a design defect in the machines; (2) whether the alleged accumulation of mold-mildew in Plaintiffs' Washing Machines was the result of their failure to leave the washer door open in between uses, or a design defect in the machines; (3) whether the alleged accumulation of mold-mildew in Plaintiffs' Washing Machines was the result of their failure to properly clean and maintain their washers, or a design defect in the machines; (4) whether Whirlpool made any representations to Plaintiffs or the individual members of the putative class concerning the potential for high-efficiency front-loading washing machines to accumulate mold or mildew, and the nature of any such representations; (5) whether Plaintiffs or the individual members of the putative class were exposed to any information concerning the potential for high-efficiency front-loading washing machines to accumulate mold or mildew, and the nature of any such representations; (6) the nature and extent of Whirlpool's knowledge about the potential for high efficiency front-loading washing machines to develop mold or mildew, and how that knowledge evolved throughout the putative class period.

      7.     <u>Brief Description Of Completed Discovery And Any Remaining Discovery</u>

The parties have not completed any discovery to date.

Defendant believes that any discussion of a discovery schedule is premature at this time,

and is not contemplated by this Court's July 11, 2008 Minute Order, the Court's Initial Status Report for Cases Newly Filed, the Federal Rules of Civil Procedure, or the Local Rules.

In addition, the parties disagree regarding whether (i) discovery should be stayed pending the Executive Committee's decision on whether to transfer this case to Judge Lefkow pursuant to Local Rule 40.4, (ii) whether discovery in this case should be coordinated with discovery in the class actions currently pending against Sears, Roebuck and Company ("Sears") before Judge Lefkow which involve similar allegations that front-loading washing machines designed and manufactured by Whirlpool contain design defects that lead to the accumulation of mold or mildew, and (iii) whether class and merits discovery should be bifurcated.

<u>Plaintiffs' Position</u>:

Plaintiffs respectfully propose the following schedule for discovery and believe that discovery should not be bifurcated:

| Date | Event |
|---|---|
| 09/04/2008 | Parties exchange initial disclosures |
| 01/16/2009 | Plaintiffs to file any motion for class certification and expert reports in support thereof; Plaintiffs to make such expert(s) available for deposition within the following 30 days |
| 02/27/2009 | Defendant to file any opposition to class certification and expert reports in support thereof; Defendant to make such expert(s) available for deposition within the following 30 days |
| 02/27/2009 - 04/15/2009 | All parties to engage in private nonbinding mediation during this period |
| 04/15/2009 | Plaintiffs to file any reply to Defendant's filings in opposition to class certification |
| 06/15/2009 | Deadline for completion of all non-expert discovery |
| 06/30/2009 | Deadline for the submission of expert report(s) related to merits by all Parties |
| 08/14/2009 | Deadline for depositions of opening expert(s) related to merits and for submitting any rebuttal report(s) related to merits |
| 9/18/2009 | Deadline for expert merits discovery, depositions of rebuttal experts related to merits, and for dispositive motions |
| 10/16/2009 | Deadline for oppositions to dispositive motions |
| 11/13/2009 | Deadline for dispositive motion reply briefs |

<u>Defendant's Position</u>:

Whirlpool believes that discovery in this case should be coordinated with discovery in the three class actions pending against Sears before Judge Lefkow that involve similar design defect allegations concerning high efficiency front-loading washing machines designed and manufactured

4

by Whirlpool. Discovery in those cases has been stayed pending Judge Lefkow's ruling on Sears' motions to dismiss and motions to strike class allegations, and Whirlpool believes that discovery in this case should be similarly stayed pending this Court's or Judge Lefkow's ruling on similar dispositive motions that Whirlpool will file in this case. Whirlpool also believes that any discovery in this case should be bifurcated, and the class discovery should be completed, and a ruling on class certification entered, before full merits discovery begins.

8. Brief Description Of Any Pending Motions And Anticipated Motions

Defendant anticipates filing a Motion to Dismiss and a Motion to Strike Class Allegations on or before August 25, 2008. Plaintiffs anticipate filing a Motion for Class Certification. Defendant has filed a Motion to Reassign this action to Judge Lefkow pursuant to Local Rule 40.4, which Motion is opposed by Plaintiffs.

9. Brief Description Of Any Previously Entered Rulings On Substantive Issues

There have not been previous decisions entered in the instant action.

10. Any Previously Filed Status Reports

This is the first status report filed in this action.

11. Whether The Parties Consent To Proceeding Before A Magistrate Judge

The parties have considered and discussed the possibility of requesting that a Magistrate Judge preside and have agreed that, in this case, they would prefer that the Honorable Virginia M. Kendall retain jurisdiction over this matter.

12. Length Of Trial And Jury Request

Plaintiffs have requested a jury trial in this matter and reasonably anticipate that the trial of this matter can occur by December 2009 and be accomplished in 8-10 days. Defendant estimates that, in the event that this case is tried as a class action, the trial will take a minimum of four weeks.

13. Settlement Discussions

To date, the parties have not engaged in settlement discussions. The parties agree that private, nonbinding mediation may be appropriate at some point, but that mediation is premature at this stage of the litigation.

Dated:  August 14, 2008

s/ Galen D. Bellamy
Michael T. Williams
Galen D. Bellamy
WHEELER TRIGG KENNEDY, LLP
1801 California Street, Suite 3600
Denver, CO 80202
Telephone:  (303) 244-1800
Facsimile:  (303) 244-1879

Attorneys for Defendant


Dated: August 14, 2008

s/ Glenn Orr
Glenn Orr
LAW OFFICES OF JOSEPH P. SHEA
2400 N Western Ave. Chicago, IL 60647
Telephone:  (773) 365-0040
Facsimile:  (773) 772-2421

Attorneys for Plaintiffs and the Proposed Class

### CERTIFICATE OF SERVICE

I do hereby certify that, on this 14th day of August, 2008, a copy of the foregoing was filed electronically with the Federal Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

**David H. Fink**
    dhf@millerlawpc.com

**Ann L. Miller**
    alm@millerlawpc.com

**Adele Ice-King**
    aik@millerlawpc.com

**James E. Miller**
    jmiller@sfmslaw.com

**Patrick A. Klingman**
    pklingman@sfmslaw.com

**Steven A. Schwartz**
    steveschwartz@chimicles.com

**Daniel B. Scott**
    danielscott@chimicles.com

**Karen M. Leser Grenon**
    kleser@sfmslaw.com

**James C. Shah**
    jshah@sfmslaw.com

Natalie Finkelman Bennett
    nfinkelman@sfmslaw.com

**Nathan Zipperian**
    nzipperian@sfmslaw.com

**Ronald S. Kravitz**
    Rkravitz@linerlaw.com

**Matthew Borden**
    Mborden@linerlaw.com

**Anthony L. Vitullo**
    lvitullow@feesmith.com

**Michael Timothy Williams**
    williams@wtklaw.com,mallett@wtklaw.com,kemezis@wtklaw.com

                                              s/  by Liane Anderson