UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRAMILA GARDNER, JEFF GLENNON, KAREN P. HOLLANDER, REBECCA NORDAN, MAGGIE O'BRIEN, TRACIE SNYDER, ANDREA STRONG, JANE WERMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>            Defendant. | Civil Action No. 08CV3555<br><br>Judge Kendall<br>Magistrate Judge Brown |

**DEFENDANT'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT OF PLAINTIFFS' CLAIMS**

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendant Whirlpool Corporation ("Whirlpool") moves for an order dismissing Plaintiffs Pramila Gardner, Jeff Glennon, Karen Hollander, Rebecca Nordan, Maggie O'Brien, Tracie Snyder, Andrea Strong, and Jane Werman's ("Plaintiffs") Consolidated Class Action Complaint ("Complaint"), for the following reasons:

1.      Count I, which alleges a breach of written warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"), fails because Plaintiffs have not alleged that they provided Whirlpool with the required pre-suit, timely, or otherwise adequate notice of the alleged breach of warranty, and because Plaintiffs have not identified any written warranty provision that Whirlpool allegedly breached.

2.      Count II, which alleges a breach of implied warranty under the MMWA, fails because Plaintiffs have not alleged that they provided Whirlpool with the required pre-suit, timely, or otherwise adequate notice of the alleged breach of implied warranty, and because Plaintiffs Werman and Glennon lack the contractual privity with Whirlpool required to bring claims for breach of implied warranty under the laws of Illinois and New York.

3.      Count III, which alleges a violation of the Florida Deceptive and Unfair Trade Practices Act, fails because Plaintiffs have not alleged with particularity that Whirlpool made a false or misleading statement or that Whirlpool failed to disclose a material fact.  Further, Count III fails as a matter of law because the Use & Care Guides for the subject models of Whirlpool washing machines sold around the time of Plaintiff Hollander's purchase of her washer contained several disclosures regarding the potential for mold, mildew, and associated odors to develop in Duet washers if high-efficiency detergent is not used and if the washers are not properly cleaned and maintained.

4.      Count IV, which alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, fails because Plaintiffs have not alleged with particularity that Whirlpool made a false or misleading statement or that Whirlpool failed to disclose a material fact.

5.      Count V, which alleges a violation of the Maryland Consumer Protection Act, fails because Plaintiffs have not alleged with particularity that Whirlpool made a false or misleading statement or that Whirlpool failed to disclose a material fact.

6.      Count VI, which alleges a violation of the North Carolina Unfair and Deceptive Trade Practices Act, fails because Plaintiffs have not alleged with particularity that Whirlpool made a false or misleading statement or that Whirlpool failed to disclose a material fact.

7.      Count VII, which alleges a violation of the Texas Deceptive Trade Practices – Consumer Protection Act, fails because Plaintiffs have not alleged with particularity that Whirlpool made a false or misleading statement or that Whirlpool failed to disclose a material fact.

8.      Count VIII, which alleges a violation of the Arizona Consumer Fraud Act, fails because Plaintiffs have not alleged with particularity that Whirlpool made a false or misleading statement or that Whirlpool failed to disclose a material fact.

9.      Count IX, which alleges a violation of section 349 of New York General Business Law, fails because Plaintiffs have not alleged with the required specificity that Whirlpool made a false or misleading statement or that Whirlpool failed to disclose a material fact.  Further, Count IX fails as a matter of law because the Use & Care Guides for the subject models of Whirlpool washing machines sold around the time of Plaintiff Glennon's purchase of his washer contained several disclosures regarding the potential for mold, mildew, and associated odors to develop in

Duet washers if high-efficiency detergent is not used and if the Duet washers are not properly cleaned and maintained.

10. Counts X through XVII, which allege breach of express warranty under the laws of Florida, Illinois, Indiana, Maryland, North Carolina, Texas, Arizona, and New York, fail because Plaintiffs have not alleged that they provided Whirlpool sellers with the required pre-suit, timely, or otherwise adequate notice of the alleged breach of warranty, and because Plaintiffs have not identified any express warranty provision that Whirlpool allegedly breached.

11. Counts XVIII through XXI, which allege breach of implied warranty under the laws of Illinois, Maryland, Texas, and New York fail as a matter of law. The Maryland, Texas, and New York implied-warranty claims fail because Plaintiffs have not alleged that they provided Whirlpool with the required timely, pre-suit notice of the alleged breach of implied warranty. Further, the Illinois and New York implied-warranty claims fail because Plaintiffs Werman and Glennon lack the contractual privity with Whirlpool required to maintain a cause of action for breach of implied warranty under the laws of Illinois and New York.

12. Counts XXII through XXIX, which allege claims for unjust enrichment under the laws of Florida, Illinois, Indiana, Maryland, North Carolina, Texas, Arizona, and New York, fail because the Complaint contains no well-pled facts that, if true, would show that Whirlpool's conduct was wrongful, and because Plaintiffs' claims are governed by an express warranty.

13. In support of this motion, Whirlpool has concurrently filed a memorandum of law.

For these reasons and those stated in the concurrently filed memorandum of law, Whirlpool requests that the Court dismiss Counts I–XXIX of Plaintiffs' Complaint.

**Whirlpool requests a hearing on this motion to dismiss.**

Dated: August 23, 2008

                                            Respectfully submitted,

                                            s/ Michael T. Williams
                                            Michael T. Williams
                                            Kara J. Rosenthal
                                            Galen D. Bellamy
                                            Wheeler Trigg Kennedy LLP
                                            1801 California Street, Suite 3600

Denver, CO  80202-2617
Telephone: (303) 244-1800
Facsimile:  (303) 244-1879

and

Bradley B. Falkof
Brad Rago
Barnes & Thornburg LLP
1 North Wacker Drive, Suite 4400
Chicago, IL  60606
Telephone: (312) 214-8304
Facsimile:  (312) 759-5646

Attorneys for Defendant
Whirlpool Corporation

## CERTIFICATE OF SERVICE(CM/ECF)

I do hereby certify that, on this 23rd day of August, 2008, a copy of the foregoing was filed electronically with the Federal Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

- **Galen D. Bellamy**
  bellamy@wtklaw.com
- **Glenn Edward Orr**
  glorr4@yahoo.com
- **Brad Eric Rago**
  brad.rago@btlaw.com,smarschke@btlaw.com
- **Kara Jean Rosenthal**
  rohe@wtklaw.com
- **Evan B. Stephenson**
  stephenson@wtklaw.com,wallace@wtklaw.com
- **Michael T. Williams**
  williams@wtklaw.com,mallett@wtklaw.com,kemezis@wtklaw.com

**Manual Notice List**

**Natalie Finkelman Bennett**
Shepherd Finkelman Miller & Shah, LLC
35 East State Street
Media, PA 19063

**Matthew B. Borden**
Liner Yankelevitz Sunshine & Regenstreif LLP
199 Fremont Street
Suite 2000
San Francisco, CA 94105-2255

**Karen M. Leser-Grenon**
Shepherd Finkelman Miller & Shah, LLC
401 West A Street
Suite 2350
San Diego, CA 92101

**James E. Miller**
Shepherd Finkelman Miller & Shah, LLC
65 Main Street
Chester, CT 06412

**Daniel B. Scott**
Chimicles & Tikellis LLP
One Haverford Centre
Haverford, PA 19041

**James C. Shah**
Shepherd Finkelman Miller & Shah
35 E State Street
Media, PA 19063

**Schwartz A Steven**
Chimicles & Tikellis LLP
One Haverford Centre
Haverford, PA 19041

                                                s/ Michael T. Williams